UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARRELL HARRIS, 23-R-2052,

                              Plaintiff,

        -against-

SUFFOLK COUNTY CORR. FACILITY, YAMPHANK
CORR. FACILITY, YAMPHANK MEDICAL UNIT,

                            Defendants.
------------------------------------------------------------------X

**FILED**
**CLERK**

3:45 pm, Oct 12, 2023

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
23-CV-6839(GRB)(LGD)

**GARY R. BROWN, United States District Judge:**

      Before the Court is the *pro se* complaint of Darrell Harris ("Plaintiff") filed while incarcerated at the Ulster Correctional Facility together with an application to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form ("PLA"). *See* Docket Entry "DE" 1-2. Upon review of Plaintiff's filings, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed IFP is granted. However, for the reasons that follow, Plaintiff has not alleged a plausible claim and the complaint is thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## BACKGROUND

      Plaintiff's complaint is submitted on the Court's general complaint form and is brief. *See* DE 1. Plaintiff names "Suffolk County Corr. Facility" (the "SCCF"), the "Yamphank[1] [sic] Corr. Facility" ("YCF"), and the Yamphank [sic] Medical Unit" ("YMU" and collectively "Defendants") as the sole defendants. *Id.* at 1, and at 2 ¶ I. B. The complaint does not allege a

---

[1] The Court presumes that Plaintiff intended to reference "Yaphank", the hamlet in Suffolk County where the SCCF is located.

basis for this Court's jurisdiction and, in its entirety alleges:[2]

> Plaintiff can't lay on left side while sleeping. (Seazure's), left side of head can't lay down because of dizziyness and I never will know when the seazures will acure.   Defendant did not send Plaintiff to hospital Aug 3rd or 4th or take an EKG to see if Plaintiff was in harm to stay safely away from metal and hard floors, Defendant also did not take any blood work the facility's medical unit just did nothing. Not even a report that Plaintiff had a seizure during incarceration at the Yamphank Corr. Facility was sent with Plaintiffs medical records.

*Id.* at ¶ III.   For relief, Plaintiff "asks for $2,000,000 - $7,000,000.00." *Id.* ¶ IV.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether a plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2).   *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

**I.**     ***In Forma Pauperis***

Upon review of the IFP application, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee.   Therefore, the application to proceed IFP (DE 2) is granted.

**II.**     **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).   The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). It is axiomatic that district courts are required to read pro se complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429

---

[2]  Excerpts from the complaint are reproduced here exactly as they appear in the original.   Errors in spelling, punctuation or grammar will not be corrected or noted.

2

U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Although far from clear given the scant allegations, it appears that Plaintiff is challenging the adequacy the medical care he received while incarcerated at the Suffolk County Correctional Facility's Yaphank location. Such claim is properly brought pursuant to 42 U.S.C. § 1983 ("Section 1983").

### I.  Section 1983 Claims

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

Here, Plaintiff's Section 1983 claims necessarily fail because he has not named a proper defendant. The SCCF, the YCF, and the YMU, as administrative arms of the municipality, Suffolk County, are without independent legal identities and cannot be sued. *Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the SCCF, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); *Davis v. Riverhead Correction Facility*, No. 11-CV-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011).

Given Plaintiff's *pro se* status and the special solicitude afforded such litigants, the Court has considered whether he has alleged a plausible claim when construed as against the municipality, Suffolk County, and finds that he has not. As this Court has recently explained:

> Municipal governments, like Suffolk County, may be held liable under Section 1983 'only for unconstitutional or illegal policies, not for the illegal conduct of their employees.' *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Thus, Suffolk County could only face liability if Plaintiff alleged a pattern or practice of such conduct. To state a claim against a municipality under Section 1983, 'the plaintiff is required to show that the challenged acts were performed

> pursuant to a municipal policy or custom.' (*id.*) (internal quotation marks and citation omitted).

*Parker v. Suffolk County Police Dep't*, No. 22-CV-3969(GRB)(AYS), 2023 WL 5047784, at *6 (E.D.N.Y. Aug. 7, 2023). As is readily apparent, Plaintiff's sparse complaint is devoid of any such allegations. Plaintiff has not pled that the allegedly unconstitutional medical treatment - - or lack thereof - - were the result of a policy or practice of Suffolk County. *See*, *e.g.*, *Parker*, 203 WL 5047784, at *6 (citing *Joyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7-8 (S.D.N.Y. Apr. 15, 2010) (dismissing any *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries"); *Overhoff v. Ginsburg Dev., L.L.C.*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing Section 1983 complaint against municipality due to plaintiff's failure to "allege that her constitutional rights were violated pursuant to any municipal policy or custom"). Accordingly, even when liberally construed as against Suffolk County, Plaintiff's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

**II.    State Law Claims**

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent

5

jurisdiction doctrine - - judicial economy, convenience, fairness, and comity - - will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, given the absence of a plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction at this time over any state law claims that may be reasonably construed from the complaint. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state-law claims contained in Plaintiff's complaint.

### III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). However, leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, in an abundance of caution, Plaintiff is granted leave to file an amended complaint to afford him an opportunity to allege as plausible claim against a proper defendant. If Plaintiff chooses to amend his complaint, he shall do so within thirty (30) days from the date of this Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 23-CV-6839(GRB)(LGD). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed.in accordance with this Order. Alternatively, Plaintiff may pursue any valid claims he may have in state court.

## CONCLUSION

Based on the foregoing, Plaintiff's application to proceed IFP (DE 2) is granted.

6

However, complaint (DE 1) is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1). Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to amend the complaint against a proper defendant in accordance with this Order, he shall do so within thirty (30) days from the date of this Order. Any amended complaint shall be clearly labeled "Amended Complaint" and shall bear the same docket number as this Order, 23-CV-6839(GRB)(LGD). If Plaintiff does not timely file an amended complaint, judgment shall enter without further notice and this case will be closed. The Clerk of the Court shall also mail a copy of this Order to the *pro se* Plaintiff at his address of record and note service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

/s Gary R. Brown
**Gary R. Brown**
**United States District Judge**

Dated:   October 12, 2023
         Central Islip, New York