UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Darrell Harris, 23-R-2052,<br><br>                              Plaintiff,<br><br>-v-<br><br>Medical Unit, Yamphank[1] Correctional Facility,<br><br>                              Defendant. | 2:23-cv-6839<br>(NJC) (LGD) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is an Amended Complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") filed by pro se Plaintiff Darrell Harris ("Harris") while incarcerated at the Groveland Correctional Facility in Sonyea, New York. (Am. Compl., ECF No. 11.) For the reasons that follow, the Court dismisses the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).

**PROCEDURAL HISTORY**

On September 14, 2023, Harris filed a complaint against the "Suffolk County Corr. Facility" ("SCCF"), the "Yamphank [sic] Corr. Facility" ("YCF"), and the Yamphank [sic] Medical Unit" ("YMU") together with an application to proceed in forma pauperis ("IFP"). (Compl., ECF No. 1; IFP Mot., ECF No. 2.) On October 12, 2023, Judge Gary R. Brown of this Court, to whom this case was previously assigned, granted Harris's IFP application and dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to

---

[1] The Court presumes that Plaintiff intended to reference "Yaphank," the hamlet in Suffolk County where the Suffolk County Correctional Facility is located.

allege a plausible claim for relief. (*See* Order, ECF No. 6.) As the Order made clear:

> Plaintiff's Section 1983 claims necessarily fail because he has not named a proper defendant. The SCCF, the YCF, and the YMU, as administrative arms of the municipality, Suffolk County, are without independent legal identities and cannot be sued. *Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (*sua sponte* dismissing Section 1983 claims against the SCCF, among others, because it is an "administrative arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to be sued") (citing *Carthew v. County of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010); *Davis v. Riverhead Correction Facility*, No. 11-CV-5667, 2011 WL 6131791, at * 2 (E.D.N.Y. Dec. 6, 2011).

*Id.* at 4. In addition, although the Court liberally construed the pro se complaint as against the municipality Suffolk County, the Court concluded that Harris's "sparse complaint" did not plausibly allege "that the allegedly unconstitutional medical treatment—or lack thereof—were the result of a policy or practice of Suffolk County." (*Id*. at 5.) The Court granted Harris leave to file an amended complaint within thirty days from the date of the Order. (*Id*. at 6.)

On October 19, 2023, this case was reassigned to this Court's docket. (Elec. Order, Oct. 19, 2023.) On November 6, 2023, Harris sought an extension of time to file an amended complaint. (ECF No. 9.) On November 8, 2023, the Court granted Harris's request and extended the deadline to file the amended complaint through December 8, 2023. (Elec. Order, Nov. 8, 2023.) The Clerk of Court mailed that Order to Harris at the address of record. (Notice, Nov. 8, 2023.) That deadline passed without Harris filing an amended complaint. On November 27, 2023, the Court's November 8, 2023 Electronic Order was returned to the Court as undeliverable. (ECF No. 10.)

On November 29, 2023, the Court further extended the amended complaint deadline through December 22, 2023, noting that public records reflect that Harris was still at the address of record and directing the Clerk of the Court to re-mail the November 8, 2023 Order and the

2

November 29, 2023 Order to Plaintiff. (Elec. Order, Nov. 29, 2023.)

On December 26, 2023, Harris filed an Amended Complaint.[2] (Am. Compl.) The Amended Complaint again names the Medical Unit at the SCCF's Yaphank location, this time as the sole defendant, and challenges, pursuant to Section 1983: (1) the alleged failure to timely respond to Harris's request for medical records under New York's Freedom of Information Law ("FOIL"), N.Y. Pub. Off. L. §§ 84–90; and (2) the adequacy of the medical treatment Harris received at the Yaphank Correctional Facility following a seizure. (Am. Compl. at 1–2.) Like the original complaint, the Amended Complaint is sparse. With regard to the first issue, Harris alleges only that:

> Plaintiff mail Foil; Request for Medical Records on or about the 14th day of November year 2023. Plaintiff never recieved an response witch violates the Public Health Law § 18 subdivision 2(g) by not responding within the 10 day aloted period authorized for Plaintiff medical Records (dated the month of August, the 3rd-4th days, year 2023).

(*Id*. at 1.) Next Harris alleges that:

> On or about the 3rd day of August, 2023, around 2 am the Plaintiff had a seizure. Plaintiff went to the correction officer on duty with the complaint of having a seizure. At or around 9 a.m. Plaintiff went to the nurse (on Rounds) complaining of headaches, also that he had a seizure. On or about the 4th day of August, 2023, Plaintiff talked to the nurse on rounds again about said seizure also headaches around 9am. Plaintiff then was called to the medical unit (sick call) between the hours of 2-3 p.m. Plaintiff was seen by the nurse. Once seen by Doctor the Plaintiff again explained/described what happened (couldn't move, body shaking, eyes moving side to side, jaw locked closed), waking up to a seizure. Plaintiff was given a higher dose of anxiety/depression meds that he was currently taking while at the Yamphank Corr. Facility. There was no test to determine the cause of said seizure (no blood work, EKG or MRI), also Plaintiff put in sick call chits dariley to the medical unit because of on going headaches, couldn't sleep on left side of head because of dizziness while trying to lay down.

---

[2] Excerpts from the Amended Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation or grammar will not be corrected or noted.

3

(*Id.* at 2.) For relief, Harris seeks damages in an amount "the Court deems fit" between $10,000 and $7,000,000 because "Plaintiff was denied medical attition days after complaint was given an forward untill Plaintiff was released into the custdy of the upstate facility." (*Id.* at 3.)

## LEGAL STANDARDS

A district court must dismiss a complaint filed by a plaintiff proceeding in forma pauperis if the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii). The court "shall" dismiss the action as soon as it makes such a determination. *Id*. At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 569 U.S. 108 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)).

This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation

4

omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023), *petition for cert. filed*, No. 23-642 (Dec. 14, 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Id.* at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

**I.     The Amended Complaint Fails to Plausibly Allege Violations of Section 1983**

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for

5

redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*.

Here, Harris's Section 1983 claim necessarily fails because he has not named a proper defendant. Harris cannot sue the YMU because it is an administrative arm of a municipality—Suffolk County—and does not have an independent legal identity. *See* Order, ECF No. 6; *Sturgis v. Suffolk County Jail*, No. 12-CV-5263, 2013 WL 245052, *2–4 (E.D.N.Y. Jan. 22, 2013) (sua sponte dismissing Section 1983 claims against the Suffolk County Jail, among others, because it is an "administrative arm[] of the County of Suffolk" and "lack[s] the capacity to be sued"). Indeed, the YMU is not a "person" within the meaning of Section 1983. *See*, *e.g.*, *Murphy v. Rodriguez*, No. 23-CV-6998 (KMK), 2023 WL 5586051, at *1 (S.D.N.Y. Aug. 29, 2023) (dismissing Section 1983 claims against "Orange County Jail Medical Dept. Wellpath" because it is not a "person" for purposes of Section 1983 and is therefore not a proper defendant in a Section 1983 action).

Even if this Court were to liberally construe the Amended Complaint as against Suffolk County, it would have to dismiss the Amended Complaint because both of Harris's Section 1983 claims fail to plausibly state a claim for relief. First, Harris's allegations about the failure to timely respond to his FOIL request for medical records does not give rise to a Section 1983 claim. *See Grosse-Rhode v. Rumsey*, No. 22-CV-9343 (LTS), 2023 WL 2787995, at *2 (S.D.N.Y. Apr. 3, 2023) ("Plaintiff's allegations that his FOIL requests have been denied does not state a cognizable federal claim under Section 1983") (citing *Rankel v. Town of Somers*, 999

6

F. Supp. 2d 527, 535 n.14 (S.D.N.Y. 2014) ("[M]any of Plaintiff's allegations – *e.g.*, that the Town refused to fulfill FOIL requests . . . involve state law, not federal constitutional violations."). Harris's remedy is to challenge the alleged denial of his FOIL request in an Article 78 proceeding in state court—not in a federal civil rights action. *Hudson v. Cnty. of Dutchess*, 51 F. Supp. 3d 357, 370–71 (S.D.N.Y. 2014) ("[A]n allegedly wrongful denial of a FOIL request is a matter of state law that is to be addressed in an Article 78 proceeding.").

Second, the Amended Complaint's allegations about the inadequacy of the medical treatment Harris received at YMU fail to state a Section 1983 claim because they lack factual allegations that Suffolk County sustains any policy or custom with the force of law or that any such policy or custom was the moving force behind a violation of Harris' constitutional rights. *See*, *e.g.*, *Parker*, 2023 WL 5047784, at *6 (dismissing amended complaint where plaintiff "has not pled that the allegedly unconstitutional arrest, search, and seizure were the result of a policy or practice of Suffolk County."); *Joyner-El v. Giammarella*, No. 09-CV-2731 (NRB), 2010 WL 1685957, at *7–8 (S.D.N.Y. Apr. 15, 2010) (dismissing *Monell* claim because the plaintiff had "pointed to no policy or custom on the part of New York City that might plausibly have caused any of his alleged constitutional injuries").

Accordingly, Harris's Section 1983 claims are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). Because the Amended Complaint fails to state any plausible federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims that may be reasonably construed from the Amended Complaint.

## II. Leave to Amend Would be Futile

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). However, "leave to amend a complaint may be denied when amendment would be futile." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Here, per this Court's October 12, 2023 Order, Harris has already amended the complaint once. (*See* Am. Compl.) Because neither Harris's original complaint nor the Amended Complaint "could possibly state a cognizable claim for relief, granting leave to amend would be unproductive." *Johnson v. Mount Sinai Hosp. Grp., Inc.,* No. 22CV2936AMDJRC, 2023 WL 2163774, at *7 (E.D.N.Y. Feb. 22, 2023), *motion for relief from judgment denied*, No. 22CV2936AMDJRC, 2023 WL 3159233 (E.D.N.Y. Apr. 28, 2023); *see also Schwamborn v. County of Nassau*, 348 F. App'x 634, 635 (2d Cir. 2009) (summary order) (affirming denial of leave to amend because plaintiff "merely restates the claims in his earlier complaint without remedying its prior jurisdiction and factual inadequacies"). However, Harris may pursue any valid claims he may have in state court, including through an Article 78 proceeding concerning the government's alleged untimely response to his FOIL request.

## CONCLUSION

For the reasons stated above, this Court dismisses the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1). The Clerk of the Court shall enter judgment accordingly and close this case. The Clerk of the Court shall also mail a copy of this Order to Plaintiff at his address of record, include the notation "Legal Mail" on the envelope, and note such mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: Central Islip, New York
May 2, 2024

                                            /s Nusrat J. Choudhury
                                            NUSRAT J. CHOUDHURY
                                            United States District Judge